STATE *v.* BUCK HARRISON.

The charge, given at the request of the prisoner's counsel on the trial below, "that the case of the *State* v. *Ingold*, relied upon by the defence, was law in North Carolina, *but it was on the extreme verge of the law*," is no ground for a new trial.

INDICTMENT for manslaughter, tried before *Tourgee, J.,* at the Spring Term, 1873, of CASWELL Superior Court.

The evidence was that the prisoner and the deceased, both colored, were at a social gathering on the evening of —— day of ——, 187–, where there was music and dancing. The prisoner offered, or was invited by some one to assist in making music for the dance, and the deceased objected to his doing so, assigning as the reason for his so objecting, that the prisoner had been invited by him, (the deceased,) in the course of the afternoon, immediately preceding the gathering, at which they were then present, to attend said gathering and make music for them, and that the prisoner refused to do so. On the objection of the deceased being

made, the prisoner with angry epithets, denounced the company there assembled, and said he did not care for them; whereupon the deceased laid his hand upon the prisoner and had hold of him near his throat. The prisoner got himself loose from the grasp of the deceased and partially retreated and made towards the door. That deceased followed him up and seized him a second time, the prisoner endeavoring to get away from him; and while he, the deceased, so held him, the prisoner, with a knife, stabbed and killed him.

There was some evidence tending to show that the prisoner had the knife, with which he gave the fatal stab, concealed in his sleeve, before the deceased laid hold of him the first time.

The counsel for the prisoner, in his defense, relied upon *Ingold's* case, 4 Jones 216; and asked his Honor to charge the jury, that, though a person may enter into a fight willingly, yet if in the progress, he be sorely pressed, that is, put to the wall, so that he must be killed, or suffer great bodily harm unless he kill his adversary, and under such circumstances he does kill him, it is but excusable homicide.

In response to this request, his Honor charged the jury, that the case of the *State* v. *Ingold*, relied upon by the defense, was law in North Carolina, but it was on the extreme verge of the law. Prisoner's counsel excepted.

Verdict of guilty. Motion for a *venire de novo;* motion refused. Judgment and appeal.

No counsel for prisoner in this Court.

*Attorney General Hargrove*, for the State.

BOYDEN, J. The only question raised by the record is as to the response of his Honor in reply to the prayer of the defendant for specific instructions to the jury.

His Honor committed no error in his response, for two reasons.

First, because there was no evidence in the cause that the prisoner was sorely pressed, so that he must be killed or suffer great bodily harm, unless he killed his adversary, so that his Honor might and ought to have declined to charge as requested.

Secondly. His Honor committed no error for the reason that his Honor charged that the law was, as stated by defendants counsel. But after charging the law as requested, his Honor remarked, yet it was on the extreme verge of the law. We suppose it was the last expression of his Honor to which the defendant's counsel excepted; but that surely could form no ground of error, even if there had been evidence in the cause to have entitled the defendant to the instruction requested, for his Honor having informed the jury that in North Carolina the law was as stated by defendant's counsel, it could make no difference how near the verge of the law it was or how little would be necessary to pass the verge and change the law.

There is no error. This will be certified that the Court may proceed to judgment.

PER CURIAM. Judgment affirmed.